UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LEONARD MORRISON** | **SECTION: "S" (1)** |

ORDER & REASONS

IT IS HEREBY ORDERED that defendant's **Motions for Compassionate Release** (Rec. Docs. 704 and 711) are **DENIED**.

BACKGROUND

Defendant was charged in this case with participating in a drug conspiracy and as a felon in possession of a firearm. Following a trial by jury, defendant was acquitted of the drug conspiracy charge, and found guilty of the charge of being a felon in possession of a firearm. For sentencing purposes, defendant's offense level of 24 was increased to 33 based on his designation as a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). The predicate convictions for the enhancement were a January 2002 conviction for possession with intent to distribute marijuana and distribution of marijuana, an October 2002 conviction for possession with intent to distribute cocaine, and an October 2006 conviction for attempted possession with the intent to distribute MDMA (ecstasy). Coupled with a criminal history category of VI, defendant's guidelines range was 235 to 293 months, with a 15-year statutory mandatory minimum. The court granted defendant's request for a downward variance, and sentenced him to the mandatory minimum of 15 years. The downward variance was granted based in part on the fact that during the search of his home, defendant led detectives to the

hidden gun, noting that without defendant's cooperation, the gun could have been disposed of while officers sought a warrant.

Following an appeal, the case was remanded by the United States Court of Appeals for the Fifth Circuit for a specific credibility determination related to one of the findings in connection with the court's prior denial of defendant's motion to suppress. The court made the necessary credibility determination (crediting the testimony of the officers that Morrison's partner impliedly consented to their entry into the living room of the defendant's home by stepping back and opening the door to allow them in after they asked to speak to Morrison). In all other respects the, Fifth Circuit affirmed.

Defendant has filed the instant motions for compassionate release under 18 U.S.C. § 3582, relying on three arguments: (1) the First Step Act amended the definition of a "serious drug offense" in the ACCA, such that it does not include his MDMA conviction, with the result that there are not three valid predicate offenses; (2) that while incarcerated, he has shown rehabilitation and has had no disciplinary issues; and (3) concerns about contracting COVID-19 for a second time. The government opposes the motions, arguing that defendant has not exhausted his administrative remedies with respect to the second and third arguments, and the first lacks merit.

## DISCUSSION

The Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all

>administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, for compassionate release, defendant must exhaust his remedies within the Bureau of Prisons ("BOP"), demonstrate that extraordinary and compelling reasons support compassionate release, and demonstrate that compassionate release is consistent with the objectives of 18 U.S.C. § 3553.[1]

*Exhaustion Requirement*

The requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In this case, the government has not waived exhaustion as to two of plaintiff's grounds for relief. Rather, the government posits that defendant's argument that he has demonstrated

---

[1] Because the U.S. Sentencing Commission's policy statement was not amended to reflect the fact that prisoners may now bring motions themselves under § 3582, no binding policy statements apply to prisoner-filed motions. United States v. Shkambi, 993 F.3d 388, 392–93 (5th Cir. 2021). Nevertheless, the policy statement and commentary thereon as to what constitutes "extraordinary and compelling reasons" justifying relief when the motion is brought by the BOP, inform the analysis as to what reasons are sufficiently "extraordinary and compelling" in prisoner-filed motions. United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), cert. denied, 141 S. Ct. 2688 (2021).

rehabilitation and has had no disciplinary issues, and his argument premised on health-based concerns related to COVID-19, may not be considered by this court because they have never been presented to the BOP.

While defendant recited in his motion that he made a request for a reduction in sentence to the BOP over 90 days ago, he did not attach any supporting documentation. Further, the government has inquired of the BOP whether it has received any reduction in sentence application by defendant, and the BOP, following an inquiry to FCI Beaumont Low, where defendant is incarcerated, has no record of a request. Accordingly, the court finds that these two issues are unexhausted, exhaustion has not been waived, and thus they are not susceptible of review at this time. The denial of defendant's motion on these grounds is without prejudice to be re-urged following exhaustion.

With respect plaintiff's motion premised on his argument that the First Step Act amended the definition of a "serious drug offense" in the ACCA, such that it does not include his MDMA conviction, the government has waived exhaustion. Accordingly, the court considers the merits of this claim.

*Merits Discussion - ACCA Argument*

The ACCA provides for a mandatory minimum sentence of 15 years of imprisonment when a defendant has three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). Defendant argues that one of his three predicate convictions – attempted possession with intent to distribute MDMA – does not qualify as a "serious drug offense" because the term was redefined by the First Step Act in a way that excludes his MDMA

conviction. Thus, he argues that he was improperly sentenced as a career offender, which constitutes an extraordinary and compelling circumstance justifying a reduction in sentence.

While the First Step Act amended the Controlled Substance Act, 21 U.S.C. § 801, et seq. by, inter alia, redefining "serious drug felony," it did not amend the ACCA definition of a "serious drug offense" under 18 U.S.C. § 924(e). Title 18, section 924(e)(2) provides that:

> (A) the term "serious drug offense" means--
>
> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law. . . .

Despite the fact that this ACCA provision references the Controlled Substances Act, the First Step Act's amendment to the Controlled Substances Act had no effect on the ACCA definition of a "serious drug offense." Every appellate court that has considered this issue has reached the same conclusion. See, e.g., United States v. Brown, 2022 WL 2135265, at *3 (6th Cir. Mar. 16, 2022) (citing cases) ("[B]ecause Section 401 [of the First Step Act] did not amend the definition of 'serious drug offense' in the Armed Career Criminal Act, 18 U.S.C. § 924(e), Section 401 does not affect a defendant's classification as an armed career criminal following a firearms conviction.").

Thus, the definition for "serious drug offense" under the ACCA that is applicable to

5

defendant remains unchanged. A predicate offense under state law is one for which state law prescribes a maximum term of imprisonment of ten years or more. At the time of defendant's offense, Louisiana law prescribed a maximum sentence of fifteen years for attempted possession with intent to distribute MDMA. La. R.S. 14:27(D)(3); 40:966(B)(2). In addition, the Fifth Circuit has explicitly held that attempted serious drug offenses qualify as predicate offenses for enhancement under the ACCA. <u>United States v. Winbush</u>, 407 F.3d 703, 708 (5th Cir. 2005). Accordingly, defendant's conviction for attempted possession with intent to distribute MDMA was properly determined to be a predicate offense for purposes of the ACCA. His argument that extraordinary circumstances are present justifying a sentence reduction because his enhancement was not supported by valid predicates is without merit. Therefore,

**IT IS HEREBY ORDERED** that defendant's **Motions for Compassionate Release** (Rec. Docs. 704 and 711) are **DENIED**.

New Orleans, Louisiana, this  21st  day of September, 2022.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**