UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LEONARD MORRISON** | **SECTION: "S" (1)** |

## ORDER & REASONS

**IT IS HEREBY ORDERED** that defendant's re-urged **Motion for Compassionate Release** (Rec. Doc. 736) is **DENIED**.

## BACKGROUND

Defendant was charged in this case with participating in a drug conspiracy and as a felon in possession of a firearm. Following a trial by jury, defendant was acquitted of the drug conspiracy charge, and found guilty of the charge of being a felon in possession of a firearm. For sentencing purposes, defendant's offense level of 24 was increased to 33 based on his designation as a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Coupled with a criminal history category of VI, defendant's guidelines range was 235 to 293 months, with a 15-year statutory mandatory minimum. The court granted defendant's request for a downward variance, and sentenced him to the mandatory minimum of 15 years. Following a remand from the United States Court of Appeals for the Fifth Circuit for a specific credibility determination related to one of the findings in connection with the court's prior denial of defendant's motion to suppress, the Fifth Circuit affirmed the conviction and sentence in all respects.

The court subsequently denied two motions by defendant for compassionate release

under 18 U.S.C. § 3582.¹ In the instant motion, defendant re-urges his request for compassionate release. While portions of his motion rehash previously considered and rejected arguments, he makes a new argument that extraordinary circumstances justify compassionate release because the sentence he received violated Apprendi v. New Jersey, 530 U.S. 466 (2000). He also re-urges his previously unexhausted COVID-19 claim, which has now been presented to and rejected by the Bureau of Prisons ("BOP"), arguing that extraordinary circumstances justifying compassionate release exist due to his pre-existing health condition of asthma makes him uniquely vulnerable to contracting COVID-19. The government opposes the motion.

## DISCUSSION

Defendant's motion for compassionate release is premised on 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, for compassionate release, defendant must exhaust his remedies within the BOP,

---

¹In those motions, defendant argued that compelling reasons justifying compassionate release were present because (1) the First Step Act amended the definition of a "serious drug offense" in the ACCA, such that it did not include his MDMA conviction, with the result that there are not three valid predicate offenses; (2) that while incarcerated, he showed rehabilitation and had no disciplinary issues; and that (3) he was at risk of contracting COVID-19 for a second time.

demonstrate that extraordinary and compelling reasons support compassionate release, and demonstrate that compassionate release is consistent with the objectives of 18 U.S.C. § 3553.[2]

*Exhaustion Requirement*

The requirement that a defendant file a request with the BOP before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In this case, the government has explicitly waived the exhaustion requirement with respect to defendant's Apprendi argument, and acknowledges that defendant's argument related to his asthma and COVID-19 has been exhausted. Accordingly, the court considers the merits of defendant's claims.

*Apprendi Argument*

In Apprendi v. New Jersey, the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Defendant argues that under

---

[2] Because the U.S. Sentencing Commission's policy statement was not amended to reflect the fact that prisoners may now bring motions themselves under § 3582, no binding policy statements apply to prisoner-filed motions. United States v. Shkambi, 993 F.3d 388, 392–93 (5th Cir. 2021). Nevertheless, the policy statement and commentary thereon as to what constitutes "extraordinary and compelling reasons" justifying relief when the motion is brought by the BOP, inform the analysis as to what reasons are sufficiently "extraordinary and compelling" in prisoner-filed motions. United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), cert. denied, 141 S. Ct. 2688 (2021).

3

Apprendi, his 18 U.S.C. § 924(e) enhancement must have been based upon a jury finding, and it was not. However, in United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002), the United States Court of Appeals for the Fifth Circuit explicitly found, applying Apprendi, that an enhancement premised on prior convictions, such as one under section 924(e), need not be based upon a jury finding. Accordingly, Apprendi does not provide a basis for the relief requested by defendant.

***COVID-19 Argument***

Defendant also argues that because he has asthma, he is at higher risk of dying should he contract COVID-19, and that this constitutes an extraordinary and compelling reason for compassionate release. Defendant's pre-sentence report indicates that at the time of sentencing he was in good health and taking no prescribed medication. It does not reflect a history of asthma, severe or otherwise. Likewise, defendant's submissions in support of his motion do not include any medical records establishing any history of asthma, of if he has such a condition, what type of treatment is being provided by the BOP. "A generalized claim of asthma, without more, does not constitute an extraordinary and compelling reason to reduce a sentence." United States v. Collins, 2021 WL 1564410, at *2 (E.D. La. Apr. 21, 2021) (citing United States v. Michele, 2020 WL 4676327, at *5 (E.D. La. Aug. 12, 2020) (determining that asthma was not extraordinary and compelling where the defendant's "medical records do not reflect that he has ever been treated for asthma or complained of respiratory problems"); United States v. Sonnier, 2020 WL 4601638, at *3 (E.D. La. Aug. 11, 2020) (finding a generalized claim of "asthma and respiratory conditions" insufficient where "the BOP medical records do not reflect that they have

manifested while [the defendant] has been in BOP custody.")). Accordingly, in the absence of any medical records establishing defendant's claimed condition of severe asthma or indicating how it is being treating in his facility, defendant does not meet the criteria for demonstrating extraordinary and compelling reasons for a reduction in sentence.

The defendant having failed to establish that extraordinary and compelling reasons for a reduction in sentence are present in this case,

**IT IS HEREBY ORDERED** that defendant's re-urged **Motion for Compassionate Release** (Rec. Doc. 736) is **DENIED**.

New Orleans, Louisiana, this   11th   day of January, 2023.

  **MARY ANN VIAL LEMMON**
  **UNITED STATES DISTRICT JUDGE**