UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LEONARD MORRISON** | **SECTION: "S" (1)** |

## ORDER & REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion Pursuant to Rule 41(g) for Return of Property** (Rec. Doc. 738) is **DENIED**.

## BACKGROUND

Following a search of defendant Leonard Morrison's home on February 25, 2016, evidence was collected that included $2,945.00 in United States currency. Morrison was subsequently charged with: conspiring with his co-defendants to distribute and possess with the intent to distribute cocaine hydrochloride, heroin, and marijuana; using a communications facility in connection with the conspiracy; possession with the intent to distribute cocaine hydrochloride and marijuana; possession of a firearm in furtherance of drug-trafficking crimes; and possession of a firearm by a previously convicted felon.

On March 17, 2016, the Drug Enforcement Administration ("DEA"), pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), sent written notice of the seizure of the $2,945.00 in United States currency by certified mail, return receipt requested, to Leonard Morrison, Nelson Coleman Correctional Center, 5061 Highway 3127, B-4, Killona, LA 70057.[1] On March 28, 2016, an individual signing the "Signature" block accepted delivery of this notice. Also on

---

[1] The facts that follow are excerpted from the affidavit of Vicki L. Rashid, Forfeiture Counsel of the DEA. See Rec. Doc. 760, 8 et seq.

March 17, 2016, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Leonard Morrison, 732 Turtle Creek Lane, St. Rose, LA 70087. An individual signing the "Signature" block accepted delivery of this notice. The same date, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Sholondra Jupiter, 732 Turtle Creek Lane, St. Rose, LA 70087. An individual signing the "Signature" block accepted delivery of this notice.

In accordance with 28 C.F.R. § 8.9(a), the DEA also posted notice of the seizure of the property on Forfeiture.gov, an official internet government forfeiture website, for thirty consecutive days from April 4, 2016 until May 3, 2016. The notices via mail and internet set forth the procedure for filing a claim with the DEA Forfeiture Counsel to contest the forfeiture action in United States District Court. The mailed notices stated that the deadline to file a claim was April 21, 2016. If mailed notice was not received, the internet posting stated that the deadline to file a claim was June 3, 2016. Both forms of notice explained the option of filing a petition for remission or mitigation of forfeiture.

In response to this notice, Morrison submitted two documents: a request for remission or mitigation[2], and a claim for the $2,945.00.[3] The undated submissions were received by the DEA's Asset Forfeiture Section on April 22, 2016. The DEA acknowledged receipt of the submissions by letter sent certified mail, return receipt requested, to Leonard Morrison, 732 Turtle Creek Lane, St. Rose, LA 70087, stating that the claim was defective because it did not

---

[2] Rec. Doc. 760, 24

[3] Id. at 25.

state the specific amount of currency being claimed[4] and it was not made under oath, and that the Petition for Remission or Mitigation was not executed properly.[5] The letter stated that as a matter of discretion, Morrison was granted twenty days from the date of receipt of the letter to cure the deficiencies and file a valid claim. On June 3, 2016, an individual signing the "Signature" block accepted delivery of the letter.

No further submissions were received by the DEA, and on September 20, 2016, when no properly executed claim was received and the time limit to file any claim had expired, the $2,945.00 in U.S. currency was forfeited to the United States in accordance with 19 U.S.C. § 1609.

On August 10, 2018, Morrison was convicted of being a felon in possession of a firearm and acquitted on all other charges. Morrison filed the instant motion On November 23, 2022, pursuant to Federal Rule of Criminal Procedure 41(g) seeking return of the $2,945.00.

## DISCUSSION

Federal Rule of Criminal Procedure Rule 41(g) allows an aggrieved person to move for the return of property seized by the government. However, when a Rule 41(g) motion for the return of property is filed after the movant's criminal case has concluded, it is construed as a civil complaint within the court's general equity jurisdiction under 28 U.S.C. § 1331. See <u>Bailey v. United States</u>, 508 F.3d 736, 738 (5th Cir. 2007). Accordingly, the court treats Morrison's Rule

---

[4] In fact, the first line of the claim states: "I'm filing a claim for the $2945 that was seized from me on Feb[ruary] 25th[,] 2016".

[5] Rec. Doc. 760 at 26-27.

41(g) motion as a civil action under 28 U.S.C. § 1331 seeking the return of property, and the government's response as a motion to dismiss for lack of jurisdiction under Federal Rule 12(b)(1).

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Morrison's action challenges the September 20, 2016 administrative forfeiture. "[D]istrict court review of a final administrative forfeiture is limited. District courts lack jurisdiction to review the merits of such a forfeiture unless the agency failed to follow statutory and constitutional due process standards." United States v. Robinson, 434 F.3d 357, 364 (5th Cir. 2005. Due process is satisfied when the government's notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Taylor v. United States, 483 F.3d 385, 388 (5th Cir. 2007) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Actual notice is not required. Dusenbery v. United States, 534 U.S. 161, 170 (2002).

The record in this case demonstrates that Morrison had actual notice of the forfeiture proceeding, when he attempted to file a claim and a request for remission or mitigation. His

claim was defective because it was not made under oath, nor did it recite that it was made under penalty of perjury, as required by 28 C.F.R. § 8.10(b)(3). His request for remission was also not properly executed. Applying 28 C.F.R. § 8.10(g), which grants a seizing agency discretion to notify and allow a claimant a reasonable time to cure the defects in an otherwise timely claim that does not meet the requirements of § 8.10(b), the DEA sent notice of the defects in Morrison's submissions and an invitation to cure them to the Turtle Creek Lane address where the original notice had been sent. It was signed for by the same individual who had signed for the original notice. No further submissions were made. "If, within the time allowed by the seizing agency, the requirements of § 8.10(b) are not met, the claim shall be void and the forfeiture proceedings shall proceed as if no claim had been submitted." 28 C.F.R. § 8.10(g). Accordingly, the currency was deemed administratively forfeited on September 20, 2016.

In this case, Morrison cannot deny that he received the required notice, and has not denied that he received the second discretionary notice. Nor has he pointed to any other procedural irregularity or due process violation in the administrative forfeiture process. Because the complaint, supplemented by indisputable facts evidenced in the record, establishes that the DEA followed all statutory and due process requirements, Morrison's motion for return of property must be denied for lack of jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion Pursuant to Rule 41(g) for Return of Property** (Rec. Doc. 738) is **DENIED**.

New Orleans, Louisiana, this   31st   day of March, 2023.

*Mary Ann Vial Lemmon*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**
