**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LEONARD MORRISON** | **SECTION: "S"** |

**ORDER AND REASONS**

Before the court is a **Petition for Bail Pending Resolution of 28 U.S.C. 2255 Motion to Vacate Conviction** (Rec. Doc. 767), filed by defendant Leonard Morrison. In his petition, Morrison argues that substantial and novel factual and legal claims mandate that his conviction be vacated, and he requests to be released on bail pending resolution of his § 2255 motion.

This court denied Morrison's section 2255 motion on February 7, 2023 and denied a certificate of appealability the same date, based on its explicit finding that Morrison had failed to make a substantial showing of the denial of a constitutional right.

To be released on bail pending resolution of proceedings under section 2255, a defendant must "raise[ ] substantial constitutional claims upon which he has a high probability of success,' and [he] must also show that 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974). As previously determined the court in denying a certificate of appealability from the denial of his habeas, Morrison cannot meet this standard.[1] Accordingly,

---

[1] In addition, the court notes that because it denied a certificate of appealability from its order, and Morrison has not supplied, nor can the court locate, a certificate of appealability from

**IT IS HEREBY ORDERED** that Leonard Morrison's **Petition for Bail Pending Resolution of 28 U.S.C. 2255 Motion to Vacate Conviction** (Rec. Doc. 767) is **DENIED**.

New Orleans, Louisiana, this  18th  day of April, 2023.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

the United States Court of Appeals for the Fifth Circuit, the instant motion may be moot.