UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LEONARD MORRISON** | **SECTION: "S" (1)** |

ORDER & REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Reconsideration**[1] (Rec. Doc. 771) is **DENIED**.

BACKGROUND

Following a search of defendant Leonard Morrison's home on February 25, 2016, evidence was collected that included $2,945.00 in United States currency. On March 17, 2016, the Drug Enforcement Administration ("DEA"), pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), sent written notice of the seizure of the $2,945.00 in United States currency by certified mail, return receipt requested, to Leonard Morrison, Nelson Coleman Correctional Center, 5061 Highway 3127, B-4, Killona, LA 70057.[2] On March 28, 2016, an individual signing the "Signature" block accepted delivery of this notice. Also on March 17, 2016, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Leonard Morrison, 732 Turtle Creek Lane, St. Rose, LA 70087. An individual signing the "Signature" block accepted delivery of this notice. The same date, the DEA sent written notice of this seizure by

---

[1] Defendant, who is proceeding pro se, styled the motion as a Notice of Appeal from the court's order denying the return of forfeited property. The court construes it as a motion to reconsider that order.

[2] The facts that follow are excerpted from the affidavit of Vicki L. Rashid, Forfeiture Counsel of the DEA. See Rec. Doc. 760, 8 et seq.

certified mail, return receipt requested, to Sholondra Jupiter, 732 Turtle Creek Lane, St. Rose, LA 70087. An individual signing the "Signature" block accepted delivery of this notice.

In accordance with 28 C.F.R. § 8.9(a), the DEA also posted notice of the seizure of the property on Forfeiture.gov, an official internet government forfeiture website, for thirty consecutive days from April 4, 2016 until May 3, 2016. The notices via mail and internet set forth the procedure for filing a claim with the DEA Forfeiture Counsel to contest the forfeiture action in United States District Court. The mailed notices stated that the deadline to file a claim was April 21, 2016. If mailed notice was not received, the internet posting stated that the deadline to file a claim was June 3, 2016. Both forms of notice explained the option of filing a petition for remission or mitigation of forfeiture.

In response to this notice, Morrison submitted two documents: a request for remission or mitigation[3], and a claim for the $2,945.00.[4] The undated submissions were received by the DEA's Asset Forfeiture Section on April 22, 2016. The DEA acknowledged receipt of the submissions by letter sent certified mail, return receipt requested, to Leonard Morrison, 732 Turtle Creek Lane, St. Rose, LA 70087, stating that the claim was defective because it did not state the specific amount of currency being claimed[5] and it was not made under oath, and that the

---

[3] Rec. Doc. 760, 24

[4] Id. at 25.

[5] In fact, the first line of the claim states: "I'm filing a claim for the $2945 that was seized from me on Feb[ruary] 25th[,] 2016".

Petition for Remission or Mitigation was not executed properly.[6] The letter stated that as a matter of discretion, Morrison was granted twenty days from the date of receipt of the letter to cure the deficiencies and file a valid claim. On June 3, 2016, an individual signing the "Signature" block accepted delivery of the letter.

No further submissions were received by the DEA, and on September 20, 2016, when no properly executed claim was received and the time limit to file any claim had expired, the $2,945.00 in U.S. currency was forfeited to the United States in accordance with 19 U.S.C. § 1609.

On August 10, 2018, Morrison was convicted of being a felon in possession of a firearm and acquitted on all other charges. In November 2022, Morrison filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) seeking return of the $2,945.00. The court denied the motion finding that it lacked jurisdiction because the DEA had properly adhered to the regulatory steps for the administrative forfeiture. Morrison has filed the instant motion seeking reconsideration of that decision, arguing that he never received the second notice, despite the fact that it was signed for at his residence by the same person who had signed for the initial notice.

## DISCUSSION

While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991) (citing United States v. Cook, 670

---

[6] Rec. Doc. 760 at 26-27.

F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (citing U.S. v. Healy, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level). The United States Court of Appeals for the Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, as occurred in this case, the motion is treated as motion to alter or amend under Rule 59(e). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted). see also FED. R. CIV. P. 59(e).

Rule 59(e) serves " 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " Merritt Hawkins & Assocs., L.L.C. v. Gresham, 861 F.3d 143, 157 (5th Cir. 2017) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). Amending a judgment is appropriate under Rule 59(e): " '(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.' " Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).

There has been no intervening change in the controlling law, nor does Morrison present previously unavailable, newly discovered evidence. Rather, Morrison argues that he never received the second notice, and thus a factual error underpinned the court's prior decision.

This argument is unavailing. "[D]istrict court review of a final administrative forfeiture is

4

limited. District courts lack jurisdiction to review the merits of such a forfeiture unless the agency failed to follow statutory and constitutional due process standards." <u>United States v. Robinson</u>, 434 F.3d 357, 364 (5th Cir. 2005. Due process is satisfied when the government's notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Taylor v. United States</u>, 483 F.3d 385, 388 (5th Cir. 2007) (quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950). Actual notice is not required. <u>Dusenbery v. United States</u>, 534 U.S. 161, 170 (2002).

In addition to the fact that Morrison had actual notice of the forfeiture proceeding in this case, the government's second (discretionary) notice, which Morrison claims not to have received, was "reasonably calculated, under all the circumstances, to apprise [Morrison] of the pendency of the action and afford [him] an opportunity to present their objections." The notice was sent to his residence and signed for by an adult with whom he has an ongoing relationship with and shares children. The same individual signed for the initial forfeiture notice which he obviously received, because he responded to it. On this record, there is no evidence of procedural irregularity or a due process violation by the government in the administrative forfeiture process. The alleged factual error pointed to by Morrison does not alter this conclusion. Thus, under the applicable standard of review, the court lacks jurisdiction over Morrison's forfeiture claim, and no basis for reconsideration has been established. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Reconsideration** (Rec. Doc. 771) is **DENIED**.

New Orleans, Louisiana, this  21st  day of June, 2023.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**