UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LEONARD MORRISON** | **SECTION: "S"** |

**ORDER & REASONS**

Before the court is Leonard Morrison's fourth **Motion for Compassionate Release**. Rec. Doc. 819. In the motion, Morrison invokes 18 U.S.C. 3852(c) and challenges his conviction as an armed career criminal, citing the Supreme Court's decision in Erlinger v. United States, 144 S. Ct. 1840 (2024). As such, despite its caption, it is a collateral attack on his conviction, and properly construed as a motion to vacate conviction under 28 U.S.C. § 2255. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). As noted by the government in its response, "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153 [of Title 28]." United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).

Morrison has previously filed § 2255 motions, which the court denied. See Rec. Docs. 722, 734, 756, 802. Accordingly, the instant motion is a successive § 2255 motion. Successive § 2255 motions may not be filed unless they are certified as provided in § 2244 by the court of appeals, and found to contain newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Morrison has not obtained the required certification, and thus the court lacks jurisdiction over the motion. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release**, construed as a **Motion to Vacate Under 28 U.S.C. § 2255** (Rec. Doc. 819) is **DENIED** for lack of jurisdiction.

New Orleans, Louisiana, this  25th  day of November, 2024.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**