UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LEONARD MORRISON** | **SECTION: "S"** |

**ORDER & REASONS**

Before the court is Leonard Morrison's late-filed response (Rec. Doc. 831) to the government's opposition (Rec. Doc. 822) to his prior motion for a sentence reduction (Rec. Doc. 819). The court construes it as a **Motion for Reconsideration** of its prior order denying the requested relief for lack of jurisdiction. Rec. Doc. 824. It is Morrison's fifth attempt for this type of relief. See Rec. Docs. 704, 711, 36, 819. In the motion, Morrison challenges his conviction as an armed career criminal, citing the Supreme Court's decision in Erlinger v. United States, 144 S. Ct. 1840 (2024).

While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (citing U.S. v. Healy, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level).

The United States Court of Appeals for the Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is

being sought, the motion is treated as motion to alter or amend under Rule 59(e). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted); see also FED. R. CIV. P. 59(e). The order from which Morrison seeks relief was entered on November 25, 2024, and Morrison's motion was postmarked December 12, 2024. It is thus subject to the standards of Rule 59(e).

Rule 59(e) serves " 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " Merritt Hawkins & Assocs., L.L.C. v. Gresham, 861 F.3d 143, 157 (5th Cir. 2017) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). Amending a judgment is appropriate under Rule 59(e): " '(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.' " Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).

In the present case, defendant has not met any of these requirements. In the challenged order, the court determined that while styled as a motion for compassionate relief under 28 U.S.C. § 3582, the motion challenged the legality or duration of his sentence, constituted a collateral attack on his conviction, and was cognizable exclusively under 28 U.S.C. § 2255. See, United States v. Morrison, 2024 WL 4880661, at *1 (E.D. La. Nov. 25, 2024) (citing United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Morrison points to no intervening changes in the controlling law, newly discovered evidence that was previously unavailable, or a manifest error of law or fact that would

undermine that conclusion. Accordingly, reconsideration is denied. Any challenges to his conviction as an armed career criminal based upon Supreme Court's decision in <u>Erlinger v. United States</u>, 144 S. Ct. 1840 (2024), must be brought under 28 U.S.C. § 2255, and because he has previously filed § 2255 motions, which the court denied ( Rec. Docs. 722, 734, 756, 802, 824) any such motion must be certified by the court of appeals as provided in 28 U.S.C. § 2244 before it may proceed. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Reconsideration** (Rec. Doc. 831) is **DENIED**.

New Orleans, Louisiana, this  21st  day of February, 2025.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**