UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 16-36 |
| LEONARD MORRISON | SECTION "S"(1) |

## TRANSFER ORDER

Before the court is a letter from defendant, Leonard Morrison, which constitutes a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Rec. Doc. 869. He claims that his criminal history score was incorrectly calculated. *Id.*

A review of this Court's records reflects that, on September 22, 2022, this defendant filed a prior § 2255 motion asserting various claims of ineffective assistance of both trial and appellate counsel. Rec. Doc. 722. In a supplement to his motion, he additionally asserted that his Louisiana conviction for possession with the intent to distribute cocaine could not serve as a predicate for enhancement because the Louisiana definition for cocaine is broader than its federal counterpart, and that his attorney failed to object on those grounds at his sentencing. Rec. Doc. 734.

The Court denied the motion as supplemented with prejudice on the merits in an Order and Reasons issued February 7, 2023. Rec Doc. 756. Morrison filed a motion for reconsideration, which the Court denied on June 21, 2023. Rec. Docs. 756 and 790. The United States Fifth Circuit Court of Appeals denied issuance of a certificate of appealability on April 12, 2024. *United States v. Morrison*, No. 23-30341, 2024 WL 5396245 (5th Cir. April 12, 2024). On March 10, 2025, the United States Supreme Court denied Morrison's petition for writ of certiorari. *Morrison v. United States*, 145 S. Ct. 1342 (2025).

1

In the interim, Morrison filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Rec. Doc. 854. On April 28, 2025, the Court denied the motion for lack of jurisdiction. Rec. Doc. 858. On May 12, 2025, Morrison filed a motion to reopen his habeas proceeding. Rec. Doc. 862. On May 19, 2025, the Court denied the motion for lack of jurisdiction. Rec. Doc. 863.

The instant motion is considered a prohibited second or successive petition under 28 U.S.C. §§ 2244 and 2255. To overcome the prohibition against the filing of second or successive claims, the defendant must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1)  claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2)  claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

A search of the docket records of the United States Fifth Circuit does not reflect that this defendant has obtained the required authorization.[1] Until such time as defendant has done so, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Morrison's Section 2255 motion be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

---

[1] Morrison's May 30, 2025 request for authorization to file a successive § 2255 petition based on *Erlinger v. United States*, 602 U.S. 821 (2024), is currently pending before the Fifth Circuit Court of Appeals. *In re: Leonard Morrison*, 25-30329 (5th Cir. 2025).

**IT IS FURTHER ORDERED** that the motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) and § 2255 to file the instant motion in this District Court.

New Orleans, Louisiana, this  27th  day of June, 2025.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE
